**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-1176-WJM-MEH

ERIN M. BRECKENRIDGE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

VARGO AND JANSON, P.C.,

    Defendant.

---

**ORDER DENYING MOTION TO DISMISS**

---

    Plaintiff Erin M. Breckenridge initiated this action on May 19, 2016, arising out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(2)(A), e(8), e(10), and f(1).  (ECF No. 1 at 7–8.)  Plaintiff claims Defendant, Vargo and Janson, P.C., violated the FDCPA when it attempted to collect student loan debt from Plaintiff that included an allegedly unlawful collection fee in a manner that is contrary to the federal Perkins Loan Program Regulations.  (ECF No. 1 at 1–2.)  Defendant now moves to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has failed to allege how Defendant has violated the FDCPA.  (ECF No. 14-1 at 4.)  For the reasons explained below, however, the Court finds that Plaintiff's complaint is sufficient to state a claim against Defendant under the FDCPA.  Defendant's motion is therefore denied.

**I.  LEGAL STANDARD**

    Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim in a

complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

In this case, Plaintiff has attached various documents to her complaint, including a copy of the collection letter sent to Plaintiff and a copy of her Perkins Loan Summary of Account ("Summary of Account"). (ECF No. 1-1 at 2, 4.) The Defendant has attached a copy of Plaintiff's Perkins Loan Master Promissory Note. (*See* ECF No. 14-2 at 1-4.) The Court may consider these documents without converting the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Phillips v. Bell*, 365 F. App'x 133, 138 (10th Cir. 2010) ("While, generally, only the complaint and its allegations are considered in a motion to dismiss, documents referred to in the complaint may be considered at the motion-to-dismiss stage if they are 'central

to the plaintiff's claim' and their authenticity is undisputed").

## II.  FACTS

The Court assumes the truth of the following facts for purposes of resolving Defendant's motion.

Plaintiff was previously a student at the University of Denver ("DU").  (ECF No. 1 ¶ 8.)  DU participates in the federal Perkins Loan Program, which extends educational loans that are subsidized by the United States Department of Education ("DOE").  (ECF No. 1 ¶ 9.)  DU made a Perkins Loan to Plaintiff while she was attending the University.  (ECF No. 1 ¶ 8.)  Plaintiff "allegedly fell in arrears in the repayment" of the Perkins Loan.  (ECF No. 1 ¶ 10.)  DU then retained Defendant, a private debt collection law firm, to collect on the Perkins Loan.  (ECF No. 1 ¶ 11.)

On May 26, 2015 Defendant sent Plaintiff a collection letter and subsequently provided her with an account summary of the Perkins Loan ("Summary of Account").  (ECF No. 1 ¶¶ 12, 15.)  The Summary of Account states in relevant part: (1) "Principal Balance: $3,120.00," (2) "Accumulated Interest: $129.86," and (3) "Other Charges: $1,346.51."  (ECF No. 1-1 at 4.)

## III.  ANALYSIS

Congress enacted the Higher Education Act of 1965 ("HEA") to address the need to provide financial assistance to students in higher education.  Title IV of the HEA authorizes the Secretary of Education ("Secretary") to administer several federal student loan and grant programs.  The Perkins Loan Program is one such program, designed to assist institutions of higher education in financing low-interest loans to financially needy students.  *See* 20 U.S.C. §§ 1070 *et seq.*  The HEA authorizes the Secretary to

promulgate regulations governing the program, and these regulations apply to third-party debt collectors.  *See, e.g.*, 20 U.S.C. § 1087aa(a); 20 U.S.C. § 1082(a)(1).

The HEA expressly empowers only the Secretary of Education–not debtors–with the authority to enforce the HEA.  20 U.S.C. § 1070(b), 1071, 1082, 1094.  The HEA does not provide an express or implied private right of action for debtors, such as the Plaintiff here.  *L'ggrke v. Benkula*, 966 F.2d 1346 (10th Cir. 1992) (noting that the "express language of the HEA and the regulations promulgated thereunder does not create a private cause of action, and there is nothing in the Act's language, structure, or legislative history from which a congressional intent to provide such a remedy can be implied").

Third-party debt collectors acting on behalf of guaranty agencies to collect federal student loans must comply with the FDCPA.  *See  Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) (noting that the Secretary has expressed the belief that collection agencies are subject to the FDCPA); *see also* Stafford Loan, Supplemental Loans for Students, PLUS, and Consolidation Loan Program, 55 Fed. Reg. 40120, 40121 (Oct. 1, 1990) (noting "the existence of Federal law that regulated the conduct of these third party collectors of defaulted student loans. These debt collectors were subject to the FDCPA prior to the promulgation of these [graduate student loan] regulations, and even under these preempting regulations, they remain subject to the FDCPA").

Plaintiff debtors can vindicate their rights against third-party debt collectors under the FDCPA.  *See Fernandez v. Peter J. Craig & Associates, P.C.*, 985 F. Supp. 363, 366 (E.D.N.Y. 2013) (class-action lawsuit filed on behalf of student debtors alleged

FDCPA violations for misrepresentation of the debt owed under the Perkins loan statement of account); *see also Hovermale v. Immediate Credit Recovery, Inc.*, 2016 WL 4157160, at *3–4 (D. N.J. Aug. 4, 2016) (student debtor brought claim under Section 1692e of the FDCPA for misrepresentations in collection letter as to late charges).

Plaintiff brings an FDCPA claim against Defendant for violation of 15 U.S.C. § 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and provides a non-exhaustive list of behavior that would violate the prohibition. One such prohibited behavior is the "false representation of . . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

Plaintiff claims that Defendant sought to collect a collection fee for itself above what is permitted under the Perkins Loan regulations. (ECF No. 1 ¶¶ 17, 20.) Plaintiff argues that the inclusion of the improper collection fee in the Summary of Account is a false representation by Defendant of the amount or legal status owed on the debt, thus violating Section 1692e. (ECF No. 1 ¶¶ 18, 39.) Defendant disagrees and maintains that its method of calculating the collection fee is permissible under the Perkins Loan regulations and that the collection fee amount arrived at by Defendant is correct. (ECF No. 14-1 at 6.)

Collection procedures for Perkins Loans are detailed under 34 C.F.R. § 674.45. The applicable regulation states that "[f]or loans placed with a collection firm on or after July 1, 2008, reasonable collection costs charged to the borrower may not exceed—(i) For first collection efforts, 30 percent of the amount of principal, interest, and late

5

charges collected." 34 C.F.R. § 674.45(e)(3)(i). Thus, the collection fee may amount to no more than the percentage taxed against three distinct categories: (1) principal, (2) interest, and (3) late charges.[1]

Plaintiff alleges in her complaint that this was a first collection attempt. (ECF No. 1 ¶ 12.) Neither party disputes that the principal and interest due under the loan when it was referred to Defendant was $3,141.86. (ECF No. 14-1 at 9.) Rather, the parties disagree as to the meaning and application of the last category—"late charges." (ECF No. 19 at 6; ECF No. 14-1 at 10.)

Defendant asserts that "[n]either the Act nor the Perkins Regulations provide a definition of 'late charges' in the collections context, or otherwise, and [Defendant] maintains that they are synonymous with, or subsumed by, 'collection charges,' against the post-default collection backdrop." (ECF No. 14-1 at 10.) Plaintiff responds that

---

[1] Plaintiff's complaint also alleges that Defendant improperly "grossed up" its collection fee using the "fee on fee" method, which is only available to the Secretary of Education under 34 C.F.R. § 30.60. (ECF No. 1 ¶¶ 21, 22.) Defendant maintains that it is permitted to use the "fee on fee" method. (ECF No. 14-1 at 13 (citing to the DOE's discussion following the notice and comment period prior to the regulations' most recent amendments).); *see* 72 Fed. Reg. 61960, 61974 (Nov. 1, 2007). The Court is inclined to find that Defendant is permitted to use the "fee on fee" method.

A reading of the DOE discussion reveals that when the DOE instituted the collection charge caps in the Perkins Loan program, it did not prohibit Perkins collection agencies from continuing to use the "fee on fee," or contingency fee, method of assessing collection costs. *Id*. As noted in the preamble, because collection agencies incur costs in collecting loans, the fee on fee method ensures that the Perkins Revolving Fund—the institutional account where collections are deposited—would be made whole after the collection agency deducts its share of the payment received. *Id*.

In effect, this means that for loans collected on a contingency fee basis for first collection attempts by a private debt collection agency, the collection costs charged to the borrower would have to be less than thirty percent, so the total amount of collection charges does not exceed thirty percent. *Id*. In the instant action, this ensures that Defendant does not run afoul of the thirty-percent cap required under 34 C.F.R. § 674.45(e)(3)(i), regardless of the method in which it chooses to calculate its fees. *Id*.

"[t]here were no late charges" in this case and the "plain language of 34 C.F.R. § 674.45 limits the Debt Collector's charges to thirty percent of the amount referred, not thirty percent of the amount ultimately collected." (ECF No. at 5; ECF No. 19 at 7.) Thus, in order to resolve Defendant's Motion, the Court must determine the proper interpretation of the term "late charges" as applied under the Perkins Loan regulations. Each year the Federal Student Aid Office of the DOE issues a Student Financial Aid Handbook ("FSA Handbook") to participating institutions, students and third-party debt collectors, and it is available to the public online. See FSA Handbook 2016, *available at* https://ifap.ed.gov/fsahandbook/1617FSAHbkVol6.html (last accessed December 2, 2016). Along with this source of assistance, the public may obtain guidance regarding collection procedures by contacting the Policy Development Division of the Department of Education's Office of Post-Secondary Education. The handbook provides information on the distinction between routine billing activities and collection activities, specifically as it relates to late charges. *See id*. at 6-173–6-174.

Regarding the DOE's interpretation and application of "late charges" in its handbook, "we ordinarily defer to an agency's own interpretation of an ambiguous statute that it implements." *Via Christi Reg'l Med. Ctr., Inc. v. Leavitt*, 509 F.3d 1259, 1272 (10th Cir. 2007) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984)). But this deference is not absolute: federal courts do not accord the highest *Chevron* deference to agency interpretations contained in agency handbooks. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000). Nevertheless, while this Court will not in these circumstances give the DOE handbook the *highest* deference, it will follow the Tenth Circuit's lead and will afford the DOE's

handbook the somewhat lower level of "great deference." *Newton v. Federal Aviation Administration*, 457 F.3d 1133, 1137 (10th Cir. 2006) (stating that an agency handbook is entitled to "great deference insofar as it is interpreting the agency's own regulations"). As the Supreme Court has explained:

> [w]e must give substantial deference to an agency's interpretations of its own regulations. Our task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. In other words, we must defer to the Secretary's interpretation unless an alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation.

*Thomas Jefferson University v. Shalala*, 512 U.S. 504, 512 (1994) (citations and internal quotation marks omitted).

The FSA Handbook states that "[t]he assessment of late charges on an overdue Perkins Loan borrower is now optional . . . . If a school opts to charge late fees, the school may charge late fees only during the billing process; a school may not charge late fees once the school begins collections procedures." FSA Handbook 2016, 6-179–6-180. The agency makes clear that "late charges" are to be assessed *only* by the University, and *only* prior to default. *Id*. Thus, by the agency's own interpretation of "late charges," a private debt collector does not have the authority to impose late charges in any amount. For this reason, and contrary to Defendant's assertion, the Court finds that "collection costs" are not synonymous with "late charges."

Plaintiff's complaint alleges that the Defendant imposed a collection fee in the amount of $1,346.51, which exceeds thirty percent of the principal, interest, and late

charges collected in this case. (ECF No. 1 ¶¶ 16, 17.) Plaintiff also alleges that Defendant falsely "represented that Defendant was entitled to collect impermissible collection costs which were not authorized under" 34 C.F.R. § 674.45—which caps the collection fee at thirty percent. (ECF No. 1 ¶¶ 18, 19, 20.) Taking these allegations as true, as the Court must in the context of the instant motion, these allegations plausibly plead that Defendant falsely represented that it was entitled to a collection fee beyond what was permissible under 34 C.F.R. § 674.45, thereby violating the FDCPA. Therefore, Plaintiff has plausibly alleged a cause of action against Defendant for violation of the FDCPA.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 14) is DENIED.

Dated this 7th day of December, 2016.

BY THE COURT:

William J. Martinez
United States District Judge